# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MATTHEW MARTORANO and KATIE MARTORANO,**<br>      Plaintiffs,<br><br>      **v.**<br><br>**ALPHA & OMEGA HEALTH INC.,**<br>a Delaware corporation,<br>      Defendant. | **Civil Action No. 26cv1339**<br><br><br>**Matter: Collection of Monies** |

## COMPLAINT

COME NOW, Mr. Matthew Martorano and Mrs. Katie Martorano (collectively, "Plaintiffs" or "Lender"), by and through undersigned counsel, bring this action against Defendant Alpha & Omega Health Inc. ("Defendant" or "Borrower") for breach of a Secured Promissory Note dated January 16, 2025, in the original principal amount of Three Hundred Thousand Dollars ($300,000.00) (the "Note"), and respectfully allege as follows:

## THE PARTIES

2. Plaintiff Matthew Martorano is an individual domiciled at 6 Calle Mariano Ramírez Bages, PH A, San Juan, Puerto Rico 00907. He is a citizen of the Commonwealth of Puerto Rico for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

3. Plaintiff Katie Martorano is an individual domiciled at 6 Calle Mariano Ramírez Bages, PH A, San Juan, Puerto Rico 00907. She is a citizen of the Commonwealth of Puerto Rico for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

4. Defendant Alpha & Omega Health Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1317 Edgewater Dr # 2377, Orlando, Florida 32804-6350. For diversity purposes, Defendant is a citizen of both Delaware and Florida. See 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between all Plaintiffs and the Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Note has an outstanding principal balance of $300,000.00, plus accrued

and unpaid interest at 4.33% per annum, plus attorneys' fees and costs of enforcement recoverable under the Note.

6. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of conducting activities in the Commonwealth of Puerto Rico within the meaning of Rule 4.7 of the Puerto Rico Rules of Civil Procedure (32 L.P.R.A. App. V, R. 4.7), including but not limited to: (a) entering into the Note, which is expressly governed by the laws of the Commonwealth of Puerto Rico (Note, § 8); (b) personally executing and notarizing the Note in San Juan, Puerto Rico, through its Chief Executive Officer, Richard Carrington, who appeared before a Puerto Rico Notary Public on January 16, 2025; (c) undertaking a continuing payment obligation directed to Plaintiffs at their Puerto Rico domicile; and (d) granting Plaintiffs a first priority security interest in all of its assets as security for obligations owed to Puerto Rico residents.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in the District of Puerto Rico, including the execution and notarization of the Note.

## FACTUAL ALLEGATIONS

### I. THE SECURED PROMISSORY NOTE.

8. On or about January 16, 2025, Defendant executed and delivered to Plaintiffs the Note, a secured promissory note in the original principal amount of $300,000.00. A true and correct copy of the Note is attached hereto as Exhibit A and incorporated herein by reference.

9. The Note provides that the principal amount shall bear interest at the rate of 4.33% per annum (the Applicable Federal Rate at the time of execution), computed on a 365-day year basis, accruing daily from the Effective Date on the outstanding principal until paid in full (Note, § 1).

10. Under Section 2 of the Note, Defendant was required to repay all principal and accrued interest in two amortized annual payments commencing on January 24, 2026. Any accrued but unpaid interest and any unpaid portion of the principal outstanding must be paid in full on the Maturity Date, which is two years from the Effective Date, i.e., January 16, 2027.

11. Section 7 of the Note further provides that Defendant agreed to "exercise best efforts to prepay this Note, including all accrued interest, prior to the maturity date utilizing a first-in, first-out principle for available funds."

12. The Note was executed in San Juan, Puerto Rico, and notarized before Luis Francisco Colón Conde, Notary Public for the Commonwealth of Puerto Rico, on January 16, 2025 (Affidavit No. 2150). Defendant's CEO, Richard Carrington, personally appeared before the notary and was identified by personal knowledge.

## II. SECURITY INTEREST.

13. To secure full and punctual payment of all obligations under the Note, Defendant granted Plaintiffs a continuing priority security interest in all of the assets of the Defendant (the "Collateral") pursuant to Section 14 of the Note.

14. Under Section 14.1, Defendant authorized Plaintiffs to file financing statements and amendments describing the Collateral in any relevant jurisdiction to perfect the security interest.

14.1. In connection with the foregoing security interest, Plaintiffs caused a UCC-1 financing statement to be filed with the Delaware Secretary of State, perfecting their first priority security interest in all assets of the Defendant. A true and correct copy of the Delaware UCC filing acknowledgment and a UCC lien search reflecting that only Plaintiffs' financing statement is presently effective against Defendant's assets are attached hereto as Exhibit B and incorporated herein by reference.

15. Under Section 15 of the Note, Defendant covenanted to: (a) maintain the Lender's perfected priority lien on the Collateral at all times; (b) not create or permit any lien on the Collateral other than the lien created by the Note without Lender's approval; and (c) not incur additional indebtedness with priority over Lender's rights without Lender's approval.

## III. DEFAULT.

16. Defendant failed to make the first annual amortized payment of principal and accrued interest that became due on January 24, 2026, as required by Section 2 of the Note. Defendant has made no payment toward the amounts owed under the Note as of the date of filing this Complaint.

17. Under Section 3(a) of the Note, an Event of Default occurs upon Defendant's failure to pay any amount due within ten (10) days of the applicable due date. Because Defendant failed to cure its nonpayment within the prescribed cure period, an Event of Default ripened on February 3, 2026, and has continued uninterrupted through the date of filing.

18. Defendant has also failed to exercise best efforts to prepay the Note as required by Section 7.

## IV. DEMAND AND ACCELERATION.

19. On January 29, 2026, Plaintiffs sent Defendant written notice of nonpayment and demanded immediate payment of all amounts then due and outstanding under the Note, a true and correct copy of which demand letter is attached hereto as Exhibit C and incorporated herein by reference.

20. On February 5, 2026, Plaintiffs reiterated their non-acceptance of any extension or forbearance, demanded immediate payment in full of all principal and accrued interest, and formally exercised their right to accelerate all obligations under the Note, a true and correct copy of which written demand is attached hereto as Exhibit D and incorporated herein by reference.

21. Under Section 6 of the Note, upon the occurrence and during the continuation of an Event of Default, the Lender may, without notice or demand to the Borrower: (a) declare all unpaid principal, together with all accrued and unpaid interest and other amounts owing, to be immediately due and payable; (b) foreclose upon the Collateral; and (c) exercise any additional rights and remedies available under the Note or applicable law.

22. Plaintiffs hereby confirm and ratify their exercise under Section 6(a) of the Note to accelerate all amounts owed and declare the entire unpaid principal, together with all accrued and unpaid interest and other amounts, immediately due and payable.

## CAUSE OF ACTION

### COUNT I: BREACH OF SECURED PROMISSORY NOTE

23. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if set forth fully herein.

24. Defendant executed and delivered the Note to Plaintiffs, creating a valid and binding obligation to repay $300,000.00 in principal, plus interest, in accordance with its terms.

25. Plaintiffs have performed all conditions, covenants, and obligations required of them under the Note. Plaintiffs advanced the full principal sum of $300,000.00 to Defendant.

26. Defendant has materially breached the Note by, among other things: (a) failing to make the annual amortized payment of principal and accrued interest due on January 24, 2026; (b) failing to cure such nonpayment within the ten-day cure period, resulting in an Event of Default on February 3, 2026; and (c) failing to exercise best efforts to prepay the Note.

27. Defendant's breach constitutes an Event of Default under Section 3 of the Note, entitling Plaintiffs to accelerate all amounts owed and to exercise all remedies under Sections 6, 14, 16, and 17 of the Note.

28. As a direct and proximate result of Defendant's breach, Plaintiffs have suffered damages in an amount not less than $300,000.00 in unpaid principal, plus all accrued and unpaid interest at the contractual rate of 4.33% per annum from January 16, 2025 to the date of judgment, as further detailed in the Payoff Statement attached hereto as Exhibit E (reflecting amounts as of March 3, 2026), plus attorneys' fees, costs of enforcement, and all other amounts recoverable under the Note, the precise amount of which will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Matthew Martorano and Katie Martorano respectfully pray that this Court enter judgment in their favor and against Defendant Alpha & Omega Health Inc. as follows:

(a) For the full amount of unpaid principal in the sum of $300,000.00;

(b) For all accrued and unpaid interest at the contractual rate of 4.33% per annum from January 16, 2025, through the date of judgment, as detailed in the Payoff Statement attached as Exhibit E (as of March 3, 2026);

(c) For post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961;

(d) For all attorneys' fees and costs of enforcement incurred in connection with this action, as provided under Section 16 of the Note;

(e) For all indemnification obligations owed by Defendant under Section 17 of the Note;

(f) For a judicial declaration that Plaintiffs hold a valid and enforceable first priority security interest in all assets of the Defendant pursuant to Section 14 of the Note, as perfected by the UCC-1 financing statement reflected in Exhibit B;

(g) For an order authorizing foreclosure upon the Collateral, as provided under Section 6(b) of the Note;

(h) For pre-judgment and post-judgment costs of suit; and

(i) For such other and further relief as this Court deems just and equitable.

Plaintiffs do not demand  trial.

S/Miguel E. Miranda-Gutiérrez

Miguel E. Miranda-Gutiérrez, esq.

USDC No: 203110

3715 Ave. Isla Verde

Cond. Atlantic Beach Apt. 5-E

Carolina, PR 00979-4922

Tel (787) 632-7388

E: memirandalaw@gmail.com

***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____, 2026, I caused a true and correct copy of the foregoing Complaint, together with all exhibits, to be served upon Defendant Alpha & Omega Health Inc. in accordance with Rule 4 of the Federal Rules of Civil Procedure.


_____

Miguel E. Miranda-Gutiérrez, Esq.
US Bar Number: 203110
Tel.: (787) 632-7388
Email: memirandalaw@gmail.com
3715 Ave. Isla Verde
Cond. Atlantic Beach Apt. 5-E
Carolina, PR 00979-4922


## <u>EXHIBIT INDEX</u>

Exhibit A—Secured Promissory Note (January 16, 2025)

Exhibit B—Delaware UCC-1 Filing Acknowledgment and UCC Lien Search Results

Exhibit C—Demand Letter (January 29, 2026)

Exhibit D—Acceleration and Final Demand Letter (February 5, 2026)

Exhibit E—Payoff Statement (as of March 3, 2026)